May it please the court, Christine Moore on behalf of Emily Johnson who is the plaintiff appellant in this case. I believe that the standard enunciated in Fields v. Legacy Health System is satisfied and this court should certify the requested questions to the Oregon Supreme Court. Before I reach the Oregon Court of Appeals cases that was listed in this court's March 2nd order, I think it's important to understand the scope of the Fields standard. Under ORS 28.200 and as recognized in Fields, this court may certify questions to the Oregon Supreme Court when there is no controlling precedent in the decisions of the Oregon Supreme Court or the Oregon Court of Appeals. So the question arises, what constitutes controlling precedent under ORS 28.200? Fortunately, the Oregon Supreme Court has provided us guidance on what constitutes controlling precedent in its case of Western Helicopter Services v. Rogerson Aircraft Corporation. The helicopter services case is cited in the Fields case issued by this court. In helicopter services, the Oregon Supreme Court stated that the certifying court is not to distinguish between Oregon Supreme Court cases on the one hand and Oregon Court of Appeals cases on the other hand, unless there is an Oregon Supreme Court case that calls into question the Oregon Court of Appeals cases. The Oregon Supreme Court also stated in helicopter services that if there is controlling precedent that is in an opinion of the Court of Appeals, the Oregon Supreme Court will review the request for certification as if it was a petition for review before the Oregon Supreme Court. In the cases in which the Oregon Supreme Court would allow the petition for review, it most likely would also allow the request for certification. So I believe that in assessing whether to certify the questions presented here to the Oregon Supreme Court, it's also appropriate to look at the criteria that the Oregon Supreme Court uses in determining whether or not to accept a petition for review. That criteria can be found in the Oregon Rule of Appellate Procedure 9.07. Considerations under Oregon Rule of Appellate Procedure 9.07 include whether or not issues involve interpretation of a state statute, interpretation of a constitutional provision, whether or not there's modification of a common law principle, most importantly here, whether present case law is inconsistent, whether the trial courts are questioning and issuing inconsistent opinions, and whether the Court of Appeals decision appears to be wrong. I believe that under that criteria as well as the Oregon Supreme Court's definition of controlling precedent and Western helicopters, that the Oregon Supreme Court would want to address the two questions that are presented here to the Court today. I will now turn to the issues we've presented and the Court of Appeals decisions that this Court listed in its March 2nd order. The first question that is before this Court is does an employee constitute an owner under the Oregon Public Use and Lack Act, excuse me, and therefore qualify for immunity? This Court questioned in its March 2nd order whether the cases of Denton v. L.W. Vale Company and Brewer v. Department of Fish and Wildlife are controlling precedent. I believe that those cases are not controlling. In Denton, the Oregon Court of Appeals without any analysis decided that contractors performing work on a road owned by the BLM constituted owners under the Public Use Lands Act and therefore were immune. And Brewer, the Oregon Court of Appeals, based entirely on the decision in Denton and without any analysis, assumed that if those people who were constructing improvements on a road constituted owners, then surely an entity that was maintaining and operating a dam also constituted owners under the Oregon Public Use Lands Act. So why isn't Denton analogous to this case? Was there something different in Denton? Were the contractors occupying a road or they had control over more of an area? Because here it's just one maintenance worker coming and putting cones up. Exactly, and that they were owners. The only hint that they gave us is they said that they were in possession of the land. And under the Oregon Public Use Lands Act, there is, it says, if you possess the land, such as a lessee, tenant, etc., you are an owner. I would argue Denton on the facts alone are distinguishable from this case, in addition to arguing that Denton is not good law, because it doesn't go through the analysis that the Oregon Supreme Court requires in interpreting Oregon statutes. So I'm glad you pointed that out, because I think it's not controlling based on the facts, and in addition, because it fails to follow the methodology that the Oregon Supreme Court has issued. But there's no case that holds that Denton's wrong. I mean, Brewer relies on Denton, so we don't have a basis for ignoring Denton. Well, I disagree, because I think that the Oregon Supreme Court has stated in cases such as State v. Sandoval, which I cited to in my briefing, that where a case fails to base its decision upon the text of the statute, and it fails to follow the methodology that the Oregon Supreme Court has prescribed in cases such as State v. Gaines, that it's not a Oregon Supreme Court to not follow that decision. And this Court's duty is to interpret a statute or a constitutional provision as the Oregon Supreme Court would. So I think that it's not necessarily controlling upon this Court. Is there any case suggesting that a city employee, like in this case a maintenance worker, working on behalf of the city to do something or another on otherwise control of the property? Is there a case one way or the other? There isn't, no. Okay, so Denton is the closest case to say that. Correct. The employee is an owner. Yes, Denton is the closest case. And again, back to this first question, because I think that Denton and Brewer don't use the proper methodology, they are not controlling precedent, and in addition, I would argue that the facts there are distinguishable to hear. I just don't think Brewer and Denton expand the definition of an owner to the point that it includes a maintenance employee here who didn't even have any control of the property, who didn't operate anything on the property, but was solely conducting routine maintenance. If the Court doesn't have any questions on this first issue, I'd like to turn now to the second issue that we've asked for certification. And that issue involves the remedy clause under the Oregon Constitution found in Article 1, Section 10. And the question is then, if an employee does constitute an owner under the Public Use Lands Act, does the act nonetheless violate the remedy clause of the Oregon Constitution? And there's a few cases here that this Court listed in its March 2nd order questioning whether are those controlling precedent. Again, Brewer, I states that if a plaintiff had a remedy at common law, the legislature can still abolish that remedy if, in exchange, the legislature grants some form of benefit. So in the context of the Public Use Lands Act, the benefit was you get to use an owner's property for recreational purposes. Subsequent to Brewer, the Oregon Supreme Court issued its opinion in Smothers v. Gresham transfer in 2001. In that case, the Oregon Supreme Court did a wholesale evaluation of its jurisprudence on Article 1, Section 10, and came up with a new test that was to be used for determining whether or not the remedy that, pardon me, the clause was violated. But it also denied review of Brewer after Smothers, right? You know, I of when that occurred. However, I don't think that the fact that Oregon Supreme Court denied review in Brewer's should be taken as its approval of Brewer. Is there any case law on that? Is there any case law saying that the Oregon Supreme Court's failure to review a lower court decision has any presidential value or non-presidential value? And to be honest, I don't know offhand if there is any court case. The U.S. Supreme Court says our denial of cert shouldn't be taken to mean anything. Well, and I would argue the same here. I mean, they could, the Oregon Supreme Court could be denying review because they thought there was a procedural issue. They could be denying review for many, many reasons. We're just basically trying to read in their, into their decision to do so. Schletzinger came along later, and that's a court of appeal opinion. And these arguments have been made, and Schletzinger says we reaffirm the holdings of Brewer. Brewer is still good law. But Schletzinger... You're saying we are at liberty to jump in here, and I take the analogy to the denial of cert. But we're sitting here trying to figure out whether there's clearly established binding law in Oregon. And the Oregon Supreme Court and the courts of appeal in Oregon seem to treat, clearly treat, Brewer as controlling law, even after Smothers. So... Well, I disagree. It's difficult for us as a Federal court to guess. That's why the question about certification was, was raised. I know you both moved for it, but you didn't explain exactly how we qualify. After, I think it was after Schletzinger... Was the Liberty case? Yeah, the Liberty case as well, the footnote in the Liberty case. Correct. And the Oregon Supreme Court in Howell v. Boyle reaffirmed everything they said. But, you know, there's... In Smothers. If I may address your questions, first of all, Schletzinger did not directly address Brewer. It stated in a footnote that it didn't think Brewer was good law anymore, but the Supreme Court obviously had denied the petition for review. And it called into question Brewer because several of the Oregon that the Schletzinger court relied upon had been disavowed by the Oregon Supreme Court. And I think that the footnote seems to imply that if the Oregon Supreme Court had the issue in Brewer before it today, the court would decide it differently. And the Liberty is definitely not a controlling case here because the Oregon Supreme Court reversed that decision in its entirety, and it's no longer good law. The Oregon Supreme Court reversed it because it determined that the state was not immune under the Public Use Lands Act, so it didn't reach the remedy issue. I think in one of this court's former cases, Slayman v. FedEx Ground Package, this court denied certification because the case did not raise an unsettled question of substantive state law. And I think evidenced as in my briefing, this is an unsettled question. We've got the Court of Appeals itself questioning the case. We have trial courts, as seen in my excerpt of record, questioning it as well. So I hope that answers your question for now. I'd like to reserve the remaining time for rebuttal unless you have further questions. Thank you. Good morning, and may it please the Court. My name is Harry Apellese, Scott Gibson, and Robert Stilson in this case. This Court's order Monday afternoon caused me to try to take a look at the certification question from a different point of view from what I had initially. And so I will try to answer the question. In my haste to get back in front of the Oregon Supreme Court and in all candor argue to them that Smothers is wrong and ought to be abandoned, I was looking, I think I failed to appreciate the question from the Court's point of view, which is we have these decisions on the books. They have not been overruled. They're still the law in Oregon until the Oregon Supreme Court overturns them. And so from this point, Court's point of view, I can see how you might consider them to still be controlling precedents. I think the answer to the question really depends on how one frames the question. And let me say it this way. The ultimate issue in this case is whether my clients are immune from suit under the provisions of the Recreational Use of Land Statute. That question in turn turns on two inquiries of its own. The first is statutory. Do they fall within the definition of owner under the statute? I think quite clearly in reflection that that question is settled as a matter of state law at this point because we have the Denton and Brewer cases that have not been questioned or ---- Brewer is pretty different. I mean, Brewer, you've got a big dam or something that's being operated by a company. That doesn't seem very analogous to an employee who's putting cones up around a sprinkler. In Denton, you've got contractors and that was why I had a question about did they have control of the core fine, did they have control of the land, were they in possession, whatever. It still seems somewhat distinguishable from a city employee putting cones around a sprinkler. So I guess I have some questions about how settled that issue is with respect to a city maintenance worker who's fixing a sprinkler head. Well, I think if the ---- Why would he be an owner? It doesn't make sense. Well, it makes sense if one considers the context of the purpose of the statute, which is to encourage owners of land to make their land available for the use of the general public without fear of liability. And an owner's not going to do that if by doing that he's going to be subjecting his employees to suit because ultimately he either is going to have to pay that out of his own pocket, as is the situation here, notwithstanding his own nominal immunity, or he's going to have trouble getting employees. But the owner here is the city and the city is not subject to suit or is under the city. That's the whole circuitous problem with the inquiry, yes. So this whole question about, well, were city employees normally subject to suit for negligence? And the answer is yes, so far as I can tell. And there's no specific language in the state act that addresses that. So the closest that you have there is Denton, which seems pretty distinguishable. Well, I submit it's not. Both Denton and Brewer rest on the principle that the person performing the work on behalf of the owner is in possession of the property for purposes of performing that work and therefore falls within the statutory definition of owner, which includes a person in possession of the property. Someone to trim the trees on my house, that tree trimmer comes on and drops his shears on somebody on the sidewalk, that tree trimmer is the owner of my house because I wouldn't want to have employees liable. Remember, this immunity only applies when you have a person who opens his land to use by the public for recreational purposes. So it doesn't excuse people. That was implicit in Judge Akuta's hypothetical. She's planning to open up her property. So it's not... I have picnics on my front lawn. Does that change the analysis? And yes, the whole... So once upon a time, we had this concept in tort law called the implied assumption of the risk. And in the early 1970s, the Oregon legislature generally abolished that as a matter of Oregon law. But in terms of one of the things that the recreational use of land statute does is that it, in essence, resurrects that notion in this context. That is that people who use the land of others for recreational purposes who don't pay a fee for that privilege assume the risk of ordinary negligence in their use of the property. I didn't see any case that said a city employee... So for streets, bridges, parks, that said a city employee could not be sued because of his own negligence or her own negligence. So I didn't see that in Oregon case law. And maybe there's a... You have a case that you can point me to that has what you just told me is the original understanding of common law. This has... Well, this is not a common law question. This is a statutory question. There's nothing in the statute that addresses employees of landowners. Unless they are in possession of the property. But couldn't they have said, you know, user, owner, operator, possessor, employee thereof? But it didn't. So that, they're not included in the list of individuals that are immune. I understand that. And what I... But they're not excluded either, because it doesn't expressly exclude them. So if they happen to be simultaneously an employee who meets one of the other categories that's specified... But that's not the question. The question is, is a maintenance worker who puts cones around a sprinkler head in possession of the land, there's certainly the plain reading of the statute would, you would say no. Well, I, with respect, I disagree with that. I think, I think, under the plain language of the statute, and in the context of its intent, the answer is yes. They're on the land performing work for the benefit of the owner, and the idea behind this statute is that, that there should not be liability to the owner or the owner's agents for, for purposes of, of that statute. And the legislature just overlooked putting in the word employee? Well, they didn't think it was necessary. Okay. They, and, and, and in particularly, for, as I point out in the brief, for many years up until after the Smothers case was decided, actually until after the Clark versus Oregon Health Sciences University case was decided, the legislature, the Tort Claims Act expressly provided that suits against public employees directly were improper, and the, the only remedy was the suit against the public employer. In light of the Clark versus Oregon Health Sciences University case, the legislature amended that, and, but the, the assumption was, the legislature's assumption, and remember, it's the same legislature that's responsible for the recreational use of land statute and the Tort Claims Act. The, the legislature's assumption was that ordinary government employees were not going to be personally liable for suit. But they made that specific in the Oregon Tort Claims Act. They did. They specifically immunized them, but they didn't do that in the Public Use of Lands Act. Correct. Because they both operate concurrently, and until the time that the Oregon Supreme Court decided the Clark case, it was unnecessary for them to do that. So, so I, I, I respectfully submit that it, it would be fair to say that, and with respect to Judge Fisher's question about the timing of Brewer, Brewer was decided by the Oregon Court of Appeals in 2000. The Smothers case was decided in 2001. The, the Supreme Court did not deny the petition for review in Brewer until 2002, after it had decided the Smothers case. They didn't take review themselves to determine the impact of Smothers on the Brewer analysis. They didn't remand it to the Court of Appeals to, to reconsider it in light of Smothers. They just left it as it is. Does that have any precedential value? Is there any case in Oregon law that? No. I believe the, the Oregon rules of appellate procedure, ORAP 9 something, I believe they provide that denial of review does not imply approval or disapproval of the decision on the merits. But I, I, I, I don't remember specifically. Do you think it's possible to read Brewer and Smothers together? Do I think? Well. Hard, huh? It's difficult. And I have to say I'm not entirely objective on this. Smothers is kind of pretty, pretty difficult. Right. And so, so that's why, that is why the answer to the question the Court asked depends on how one frames the question. On the basis of existing decisions, the, the decisions as they are, as they apply to this particular statute, the, are, are fairly straightforward and are still controlling on the issue both of the status of the employees and on the immune, the constitutionality of the immunity. If one asks the question is, is to whether there's any controlling precedent on the effect of Smothers on Brewer, then the answer is no, there isn't. The, the, the, the Oregon Supreme Court has not addressed that, notwithstanding that it had the opportunity to do so, and no case since then has had the opportunity to address the impact of Smothers on Brewer. That, that, so if, if that's how the question is framed, then the question is still unsettled and is, is ripe for certification. So what's the effect of Schlesinger? So Brewer came before Smothers. Assuming that Smothers is inconsistent with Brewer, then Smothers would, coming afterwards, would overrule Brewer, and we'd have to use the Smothers approach. And then Schlesinger has a footnote, I guess, where he was overruled. So what's the effect of that footnote in Schlesinger? So that's another half-full, half-empty question, because what happened in, in Schlesinger was the plaintiff there didn't suit only the city and claimed the city was negligent. And her argument on appeal was the statute, which at that time required her to sue only the city and not the employees, unconstitutionally deprived her of her remedy. The Court of Appeals declined to address that question because she had not alleged in her complaint, nor named in her complaint, negligence by any particular individual. So they said the, the, the, the question was abstract and, and they weren't going to answer it. So there's no direct- So it's dicta. There's, there's statements about Brewer as essentially dicta. So right. In the footnote, they make two statements about Brewer, and that's why I say it's half-full, half-empty. The first statement is Brewer is still good law. And they also say- And then they say, but many of the case- They don't go on and say, and it's non-precedential that they did so. The Oregon Court of Appeals thought it was a relevant data point. That's absolutely correct. And, and the Oregon Court of Appeals correctly felt bound by Brewer. I mean, if you're the, if you're the Oregon Court of Appeals in these circumstances, that, that case is still there. It's still good law until it's reversed or overturned. And so they're going to, that's right. So was that binding? I mean, was that dicta in Schlesinger, or did that have any effect on the case, that language? It is, it is fairly described as dicta. Okay. So, so in our circuit where the Supreme Court speaks and overrules one of our cases, then we're bound to follow the Supreme Court, and we have a procedure for saying the, the prior precedent is no good anymore. Is there anything similar in, in Oregon? Well, they do that. The Supreme Court, for example, in the Smothers case itself. The Smothers case, the, the court there was specific as to the cases and the portions of the cases that it was disavowing and was saying were no longer good law. They didn't mention this case or any case like it in, in that litany of. That's Smothers, that's, that's the Oregon Supreme Court. Right. But I think Judge Akuta's question was directed to the court of appeal. I may have misunderstood you. The court of appeal would say, look, has the Brewer question squarely before it. Oh, yeah. And has to say, do I. Oh, I, I understand. Use the Smothers approach. You're asking me the GAMI question? Miller v. GAMI, exactly. Yeah. Okay. So yes, the answer is yes. In that, in that circumstance, the, the Oregon Court of Appeals would be free to say in light of this intervening Supreme Court case, our prior understanding is no longer good law. They do that. And that would. Schlesinger didn't do that, but it didn't actually have that issue before. Correct. That's true. And so I, I think you understand our position on. In light of your additional reflection on the issues raised by the order we sent out Monday afternoon, would you frame the, the questions, the certified, the proposed certified questions any differently? I don't, I don't think so. If you're going to certify it, and the, the, that the Supreme Court, the Oregon Supreme Court, I mean, this is a matter for the Court's discretion, but the Oregon Supreme Court is going to most likely want to look at both the statutory and constitutional questions because their preference is to deal with sub-constitutional questions before reaching constitutional questions. So whether or not you certify the statutory question to them, if you certify the question, it's fairly predictable that they're going to have to look at it. And I think my time has expired if you have no further questions. Thank you. I'm going to just quickly address a few of the comments that were raised by the judges as well as by defendants in this case. First of all, I think you're correct in your analogy, Judge Acuda, to point out that someone who's trimming the trees on your property certainly can't be an owner under the Public Use Lands Act. Yeah, but that's not what Brewer's talking about. It makes clear that it's a public policy, a balancing, and the private residence doesn't come within that balancing. There's no public use. I'm, pardon me, on the, on the second issue before you, I was, I was, I'm sorry, I was talking about the first issue. So could you repeat your question? Well, you said the analogy to someone coming on your property who is trimming your trees. I don't know what the use of the analogy is if it's not on a public use situation. So I don't know what your point was. Trimming the trees on the park. So the, what I understand Judge Fischer to say is it's the difference between trimming trees on a private residence and trimming trees at the park. If you're trimming trees at the park, you are the owner of the park. I understand. I'm sorry. I didn't understand the question. Well, I think there is, that's the key issue here is the Portland, pardon me, the Public Use Lands Act doesn't differentiate between a public or a private owner. In 1995, the act was amended to apply to both public and private. However, the Oregon legislature didn't amend the definition of owner to make a distinction. So if you're saying an employee is an owner under the act, you're making it applicable to both private and public. There's no difference there. And I think that's a key problem with the defendant's argument in reference to the Oregon Tort Claims Act, because they're saying it should be read in context of that act. However, that act only applies to public property. It doesn't apply to both public and private. So they're making an act applicable to a private when it's not supposed to be. I hope I answered your question there. I also would want to address very quickly that Smothers and Brewer cannot be reconciled. There's no difficulty there. It's impossible. One says you can't be left without an adequate remedy. The other one says that you can be, and that's Brewer. And I think because of that and the fact that the Oregon Supreme Court has said in Western Helicopter Services that if there is an Oregon Supreme Court case calling into question an Oregon Court of Appeals case, it's not controlling precedent for the purposes of certification. If the Court has any further questions, I see I'm out of time. Yes. Thank you very much. Thank you. We appreciate your arguments. Thank you.
judges: Fisher, Paez, Ikuta